IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-592 |
| | § | |
| 9.881 BITCOINS | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72. Pending is the Government's Motion for Default Judgment. (Doc. #10.) For the reasons stated below, the motion should be granted.

**I.     Factual and Procedural Background**

According to the complaint, from approximately May 2019 through February 2021, Fernando Berrocal communicated and met with undercover special agents to launder US currency that Berrocal knew to be proceeds generated by illegal gambling and or narcotics trafficking. (Doc. #1, p. 4.) He also oversaw pick-ups of bulk currency from various domestic and international locations and was paid a fee or money laundering "points" each time he directly or indirectly engaged in the criminal activities described herein. (Doc. #1, p. 4.) During this same time, Berrocal established multiple virtual currency accounts known as Bitcoin addresses. (Doc. #1, p. 5.) He used these Bitcoin addresses in furtherance of financial fraud. (Doc. #1, p. 5.)

In a March 2021 interview with law enforcement, Berrocal admitted that the subject Bitcoin funds derived from his criminal activity, and subsequently agreed to voluntarily surrender the subject funds to law enforcement. (Doc. #1, p. 6.) Special agents administratively seized the Bitcoins, and they remain in a government-controlled Bitcoin wallet for safe keeping pending judicial action. (Doc. #1, p. 6.)

On December 13, 2021, the Government filed a verified complaint for civil forfeiture. (Doc. #1.) On December 14, 2021, this court issued an Order and a Warrant for Arrest *in rem*. (Doc. #3, #4.) The Government entered its Amended Order for Warrant of Arrest *in rem* on January 19, 2022, and the property was arrested by Homeland Security Investigations pursuant to a Warrant of Arrest issued by the Clerk. (Doc. #5.)

On March 17, 2022, the Government sent a copy of the Complaint for Forfeiture, the Notice of Complaint for Forfeiture, and the Warrant of Arrest *in rem* by Department of Treasury to potential claimant. Fernando Berrocal. (Doc. #7.) The process receipt reveals successful delivery to Berrocal. (Doc. #7.) The Government posted the Notice of Civil Forfeiture on an official government Internet website (www.forfeiture.gov) for at least thirty consecutive days, beginning on December 18, 2021, and ending on January 16, 2022, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. #8.) On March 29, 2022, the Government filed its pending Motion for Default Judgment. (Doc. #10.) The Government asserts that the potential claimant, Fernando Berrocal, has failed to plead or otherwise defend against this action as required by law. (Doc. #10, p. 2.) Therefore, the Government requests that the court enter a judgment as to potential claimant pursuant to Federal Rule of Civil Procedure 55.

## II.   Applicable Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.  FED. R. CIV. P. 55(b).  The plaintiff must file an affidavit stating whether the defendant is in military service before the court can issue a default judgment.  50 U.S.C. § 3931(b)(1)[1].

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766,767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989)).  The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009).

"In order to properly resolve the Government's Motion, the court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

---

[1] "The court finds that this statute does not apply in this case; the statute addresses "defendants" rather than "claimants".  The court can find no cases holding that this statute applies to servicemembers who are potential claimants, rather than defendants."

### III. Discussion

The court must address both the procedural and substantive standards to warrant the default judgment.

### A. Procedural Standard

The court considers six (6) *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment. (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the *Lindsey* factors have been met in favor of default judgment. The owner of the property has not made an appearance. A court may enter a default judgment when a party has failed to plead or otherwise defend. FED. R. CIV. P. 55. Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted the Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on December 18, 2021. The Notice required any claimant to the property to file a claim with the court within sixty days from the first date of publication of the Notice, and to serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one days after the filing of the claim, as provided by Supplemental Rule of Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (G)(5). In addition to notice by publication, the government sent a copy of the Complaint for Forfeiture and Notice of Complaint for Forfeiture by Department of Treasury process to potential claimant.

### B. Substantive Standard

Default judgment is also substantively warranted here. The well-pled allegations in the complaint are that Berrocal engaged in various criminal activity, he admitted that the subject funds (Bitcoins) constituted proceeds derived from his criminal activity, and he subsequently voluntarily surrendered the funds to law enforcement. Such cryptocurrency is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). As a result, the Government's Motion for Default Judgment should be granted, and the court should enter a default judgment pursuant to Rule 55(b)(2).

### IV. Recommendation

The undersigned recommends that the court grant the Government's Motion for Default Judgment pursuant to the Federal Rule of Civil Procedure 55(b)(2). The court should issue a default judgment, holding that the defendant 9.881 Bitcoins, in cryptocurrency, is forfeited to the United States, with all right, title, and interest vesting in the United States. Any persons or entities that could claim any right, title, or interest in the Defendant property are in default and are divested of any right, title or interest that they could claim.

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen days after being served with a copy of this report; and (4) be no more than eight pages in length. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED this the 20th day of April, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE